

Eastern District of Kentucky
TENDERED
3-19-09
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE**

Eastern District of Kentucky
FILED
JUL 0 8 2009
AT LONDON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**CRIMINAL ACTION NO. 09-CR-_14_-GFVT**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| V. | **PLEA AGREEMENT** |
| **KIMBERLY HALL** | **DEFENDANT** |

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 18 U.S.C. § 1956(a)(1)(B)(i), Conducting a Financial Transaction Involving Drug Distribution Proceeds. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Indictment 07-CR-34-SS-GFVT as well as any other underlying indictments as they pertain to this Defendant.

2. The essential elements of Count 1 are:

(a) that the Defendant conducted or attempted to conduct a financial transaction that involved the proceeds from the distribution of controlled substances,

(b) that the Defendant knew that the property involved in the financial transaction represented the proceeds from some form of unlawful activity, and

(c) that the Defendant knew that the transaction was designed in whole or in part to disguise, the nature, location, source, ownership, or control of the proceeds of the distribution of controlled substances.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) In late 2006 or early 2007, the Defendant became aware that her father, Timothy Wayne Hall (Hall) was engaged in the distribution of controlled substances in the Pike and Floyd county areas of the Eastern District of Kentucky. Hall had no legitimate source of income other than disability payments. The Defendant also became aware that Damon Newsome (Newsome) was engaged in the distribution of controlled substances during the same time period. Newsome was no longer employed at the Floyd County jail and had no legitimate source of income. Through the course of the next few months, Hall and Kenny Hamilton (Hamilton) took the Defendant's identification and went to Philadelphia to see a doctor and obtain prescription controlled substances. They returned with controlled substances which they used or distributed. Hall and Hamilton went to Philadelphia on at least two occasions with the Defendant's identification to obtain controlled substances for use or distribution. The Defendant did not go to Philadelphia. Hall placed several pieces of property in the Defendant's name. As Hall and Newsome did not possess a legitimate source of income, the Defendant knew that the funds used to purchase these items of property were derived from the drug distribution activities of Hall and Newsome. Hall was unable to place any items in his own name as he would lose his disability payments.

(b) In the weeks preceding June 14, 2007, Hall was arrested numerous times for various state offenses in the Pike and Floyd county area. Immediately prior to June 14, 2007, Hall was arrested in Pike County, Kentucky and lodged in the Pike County Jail. Hall's bond was set at $30,000. The Kentucky State Police (KSP) received information that Newsome and the Defendant would be traveling to the Pike County courthouse to post the $30,000 bond for Hall. The Defendant provided a portion of the money to post the bond. This amount was derived in whole or in part from the distribution of controlled substances by Hall. Newsome provided the remaining portion. As Newsome did not have a legitimate source of income, this amount was derived in whole or in part from the distribution of controlled substances by Hall and by Newsome. At approximately 3:00 p.m. on June 14, 2007, an undercover police officer observed the Defendant, Newsome and Hayes Hall arrive at the Pike County Courthouse clerk's office to post the bond. Hayes Hall signed the pertinent documents and provided his driver's license for identification, attesting as the actual bond provider. Newsome counted out the $30,000 which consisted primarily of $100.00, $50.00, $20.00, and $10.00 bills. The Defendant concealed from the clerk's office that she had brought a portion of the bond money to the clerk's office. The

Defendant intentionally did not execute any bond documents in an effort to disguise or conceal the source of the funds.

(c) The bond money was subsequently seized by the KSP and compared to previous money used to purchase controlled substances. On June 1, 2007, the KSP had purchased 50 Oxycodone tablets from Newsome for $1,625. The money for that transaction had been photocopied prior to the transaction. KSP officers compared the posted bond money with the photocopied money and determined that there were six $50.00 bills that matched from the drug transaction to the posted bond money.

4. The maximum statutory punishment for Count 1 is imprisonment for not more than 20 years, a fine of not more than $500,000 or twice the vale of the property involved in the transaction whichever is greater, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the sentencing hearing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2008, manual, will determine the Defendant's guideline range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes $30,000 in commingled drug proceeds that was posted as bond money.

(c) Pursuant to U.S.S.G. § 2S1.1(a)(2), the base offense level is 8 plus 2 levels under §2S1.1 (b)(2)(B).

(d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(C), increase the offense level by 4 levels as the amount involved is more than $10,000 but not more than $30,000.

(e) Pursuant to U.S.S.G. § 3B1.1, decrease the offense level by 2 levels for the Defendant being a minor participant in the criminal activity.

3

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

8. The Defendant agrees that she as no interest in the items listed in Count 21 of Indictment 07-CR-34-SS-GFVT except item #3 under **REAL ESTATE** and item #2 under **CONVEYANCES.** The Defendant agrees not to file a claim regarding any other assets in an ancillary forfeiture proceeding regarding those assets.

9. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant

should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JAMES A. ZERHUSEN
UNITED STATES ATTORNEY

Date: 3/19/09

By: _____
Roger W. West
Assistant United States Attorney

Date: 3-19-09

_____
Kimberly Hall

5

Defendant

Date: 5/19/09

*Joseph Lane*
*Ned Pillersdorf*
Ned Pillersdorf
Attorney for Defendant

APPROVED, this 8th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE